(No. 31586.—

THE BOARD OF EDUCATION OF WAVERLY COMMUNITY UNIT SCHOOL DISTRICT NO. 6 *et al.,* Appellees, *vs.* VERNON L. NICKELL, Superintendent of Public Instruction, *et al.,* Appellants.

*Opinion filed September 21, 1951.*

Roy M. Rhodes, and S. S. DuHamel, both of Springfield, Murphy & Murphy, of Carlinville, and N. E. Hutson, of Monticello, for appellants; Vernon L. Nickell, Superintendent of Public Instruction, and I. K. Juergensmeyer, Superintendent of Schools of Macoupin County, *pro sese*.

Barber & Barber, of Springfield, (Clayton J. Barber, Alton G. Hall, and Samuel C. Fielden, of counsel,) for appellees.

Mr. Justice Schaefer delivered the opinion of the court:

This appeal challenges the validity of the 1949 amendments to sections 6 and 7 of article VIII of the School Code, (Ill. Rev. Stat. 1949, chap. 122, pars. 8-6, 8-7,) and raises questions as to the applicability of ·those amendments to proceedings for the alteration of school district boundaries which were pending when the amendments became effective. It also presents a subsidiary question as to who are proper parties to a proceeding to review the action of a county superintendent of schools in ·detaching territory from a school district. Jurisdiction upon direct

appeal exists because the constitutionality of a statute is involved.

Waverly Community Unit School District No. 6 is composed of territory in Sangamon, Morgan and Macoupin counties. Virden Community Unit District No. 4 is composed of territory in Macoupin and Sangamon counties. A petition signed by 116 of the 137 legal voters residing in certain described territory in Sangamon County was presented to the county superintendent of schools, requesting that the territory be detached from the Waverly district and annexed to the Virden district. Objections were filed by the board of education of the Waverly district, a hearing was had, and, on March 15, 1949, the county superintendent entered an order detaching the territory from the Waverly district and annexing it to the Virden district. On appeal to the State Superintendent of Public Instruction, this order was affirmed on August 24, 1949.

In the meantime, on July 28, 1949, amendments to sections 6 and 7 of article VIII of the School Code had become effective. Prior to the adoption of these amendments, the county superintendent of schools was authorized to detach territory from a community unit school district upon a petition signed by two thirds of the legal voters residing in the territory to be detached. (Ill. Rev. Stat. 1947, chap. 122, par. 8-6.) From the decision of the county superintendent, an appeal to the State Superintendent of Public Instruction was authorized. (Ill. Rev. Stat. 1947, chap. 122, par. 8-7.) The amendments transferred authority to pass upon petitions for changes in boundaries from the county superintendent of schools to the county judge, and provided an appeal to the circuit court in lieu of an appeal to the Superintendent of Public Instruction. Ill. Rev. Stat. 1949, chap. 122, pars. 8-6, 8-7.

The board of education of the Waverly district and others commenced the present action by filing their complaint for a writ of *certiorari* and for a declaratory judg-

ment in the circuit court of Sangamon County. The complaint attacks the order of the county superintendent of schools detaching territory from the district upon the ground that its effectiveness was suspended while the proceedings were pending on appeal before the Superintendent of Public Instruction, and it alleges that the 1949 amendments terminated the jurisdiction of the Superintendent of Public Instruction before his final order was entered. The relief sought was an order quashing the proceedings for the detachment of territory and declaring the territory in question to be a part of the Waverly district and subject to taxes levied by that district, including taxes levied to pay the principal and interest upon school building bonds issued by the Waverly district on June 27, 1949.

Defendants' answer asserts that the 1949 amendments are unconstitutional because they attempt to confer legislative authority upon the judicial department of the State in violation of article III of the constitution, and also because their provisions are so vague and uncertain as to render them void.

The trial court held that the amendments are valid; that the proceedings to change the boundaries of the two districts, pending on appeal before the State Superintendent of Public Instruction, abated immediately when the amendments to the School Code became effective, and that, in consequence, the boundaries of the districts remained unchanged. The declaratory relief requested by the plaintiffs was granted. This appeal followed.

Initially, defendants contend that the amendments are not applicable to the proceedings which took place before the county superintendent of schools and the State Superintendent of Public Instruction. They first argue that the order of the county superintendent of schools directing that the boundaries be changed was a final order, and that its finality was not impaired by the appeal taken to the Superintendent of Public Instruction. It is said that no

statutory provision existed for a *supersedeas* to stay the operation of the order of the county superintendent of schools pending review of that order by the Superintendent of Public Instruction, and it is argued that since the order of the county superintendent was entered and became final on March 15, 1949, before the statute was amended, it was not affected by subsequent changes in the statute.

It is clear, however, that the statute contemplated that the order of the county superintendent should be final only if no appeal was perfected. Section 8-7 provided for notice of appeal, imposed upon the appellant the duty of perfecting the appeal by furnishing a transcript of the evidence and copies of all papers within a specified time, and then continued: "In case of the failure to furnish the copy and transcript within said time, the county superintendent shall enter an order dismissing the appeal, and the decision of the county superintendent upon the petition shall be final." If the appeal was perfected, the State Superintendent was required to conduct a hearing and "make or refuse to make any changes prayed for in the petition, reversing or affirming the decision of the County Superintendent of Schools, and his action shall be final." (Ill. Rev. Stat. 1947, chap. 122, par. 8-7.) It is clear that the action of the county superintendent was intended to be final only if no appeal was perfected, and that where, as here, an appeal was perfected no change in boundaries could become effective until the completion of the statutory proceedings by the entry of a final order by the State Superintendent. During the interim, the order of the county superintendent was without force or effect.

Defendants next argue that the amendments should not be construed to apply to proceedings pending under the former statute. The amendments to sections 8-6 and 8-7 of the School Code completely revised the statutory procedure for the alteration of school district boundaries. The amendatory act repealed those sections as they formerly

existed. (*Krimmel* v. *Eielson*, 406 Ill. 202; *People ex rel. Hines* v. *Baltimore and Ohio Southwestern Railroad Co.* 366 Ill. 318; *Goodall* v. *People*, 123 Ill. 389.) It contained no saving clause protecting pending proceedings. Defendants argue, however, that section 4 of the Statutory Construction Act (Ill. Rev. Stat. 1949, chap. 131, par. 4,) supplies a saving clause. Relating to the construction of statutes generally, this section provides that no new law shall be construed to repeal a former law "as to any act done * * * or any right accrued, or claim arising under the former law." In our opinion, defendants' contention is unsound. The effect of the Statutory Construction Act was thoroughly considered in *People ex rel. Eitel* v. *Lindheimer*, 371 Ill. 367, where this court said: "The unconditional repeal of a special remedial statute without a saving clause stops all pending actions where the repeal finds them. If final relief has not been granted before the repeal goes into effect it cannot be granted afterwards, even if a judgment has been entered and the cause is pending on appeal." This principle is applicable to the present case. No vested right is here involved. With or without the consent of the inhabitants of a school district, over their protest, even without notice or hearing, the State may take the school facilities in the district, without compensation, and give them to other districts or agencies, and may divide, contract or expand the area of a district or unite it with another district or even abolish it at the will of the legislature. (*People* v. *Deatherage*, 401 Ill. 25.) We conclude that the amendments are applicable to the proceedings in this case.

We come, then, to defendants' contention that the amendments to sections 8-6 and 8-7 of the School Code are unconstitutional, first, because they constitute a delegation of legislative authority to the judicial department of the State and, second, because they are so vague and uncertain as to be void. The argument as to delegation is that the county

court, as a branch of the judicial department of the State, cannot constitutionally be authorized to determine the boundaries of school districts. It is clear that the location of school district boundaries is not a judicial function. (*North* v. *Board of Education,* 313 Ill. 422.) It does not follow, however, that jurisdiction to determine school district boundaries may not be conferred upon county courts.

. Article III of the constitution divides the powers of government into three separate and distinct departments and provides, "and no person, or collection of persons, being one of these departments, shall exercise any power properly belonging to either of the others, except as hereinafter expressly directed or permitted." It has been held from the outset, however, that the doctrine of separation of powers does not inexorably preclude one of the three departments of government from exercising powers which could also be given to another department. Discussing a provision in the constitution of 1818 similar to article III of the present constitution, this court, in *Field* v. *People ex rel. McClernand,* 2 Scam. 79, said: "It does not mean that the legislative, executive, and judicial power should be kept so entirely separate and distinct as to have no connection or dependence, the one upon the other; but its true meaning, both in theory and practice, is, that the whole power of two or more of these departments shall not be lodged in the same hands, whether of one or many. That this is the sense in which this maxim was understood by the authors of our government, and those of the general and State governments, is evidenced by the Constitutions of all. In every one there is a theoretical or practical recognition of this maxim, and at the same time a blending and admixture of different powers."

Such a "blending and admixture of different powers" is expressly authorized by our constitution in establishing the jurisdiction of county courts. After providing for the election of a county judge and clerk of the county court,

section 18 of article VI provides that county courts shall be courts of record, shall have jurisdiction in all matters of probate, settlement of estates of deceased persons, appointment of guardians and conservators, and settlements of their accounts, and all matters relating to apprentices, and in proceedings for the collection of taxes and assessments, "and such other jurisdiction as may be provided for by general law." The only restriction imposed by the quoted language is that the law be general. When the final clause of article III which requires separation of powers "except as hereinafter expressly directed or permitted," is read together with section 18 of article VI, it is apparent that the legislature may confer upon county courts jurisdiction of matters which are not strictly judicial in character.

The meaning of section 18 of article VI was settled in *People ex rel. Rusch* v. *White,* 334 Ill. 465, where this court said: "It seems, therefore, beyond the boundaries of legitimate debate that the legislature may confer on the county courts any jurisdiction deemed by it advisable. The constitution is a limitation on the power of the legislature. In the absence of constitutional restrictions the power of the legislature is unlimited. Here there is not only no limitation on the power of the legislature to confer new jurisdiction on the county courts but there is an express authorization so to do, subject only to the requirement that it be given by general law."

We conclude, therefore, that the constitution does not prohibit the General Assembly from conferring upon county courts jurisdiction with respect to the alteration of school district boundaries. Defendants also contend, however, that the amendments are so vague and uncertain in their terms as to convey no meaning, and so conflicting and inconsistent as to render the statute impossible of execution. Our attention is specifically directed to the interchangeable use of the terms "county judge" and "county court." For

example, the county judge is given the power to grant or deny petitions to change the boundaries of school districts but the order itself, it is provided, shall be entered by the county court. The legislative intention, however, is reasonably clear. The purpose was to achieve an appropriate utilization of the existing machinery of the county court in the discharge of new duties imposed upon it. Other statutes conferring similar duties upon county courts and containing language almost identical with the provisions of the present statute have been sustained. *People ex rel. Armstrong* v. *Huggins,* 407 Ill. 157; *People* v. *Shaw,* 253 Ill. 597. .

The remaining contention which requires consideration relates to the parties to the proceeding in the circuit court. The Waverly School District was joined as a party plaintiff and the Virden School District was joined as a party defendant. Defendants contend there is no statutory authority permitting a school district to be either a party plaintiff or party defendant. They contend that the board of education is the governing body of a school district and that it, alone, may sue or be sued. The rights of the two school districts were necessarily affected by any decision which might result from the proceedings to detach the territory from one district and annex the territory to another district. In *Webster* v. *Jackson,* 304 Ill. 569, we held that no decree of such a character, which would be binding on the school district, could be rendered in a suit to which the school district was not a party. The two school districts involved were both proper and necessary parties to any proceedings to change the boundaries of the districts. *Board of Education* v. *Home Real Estate Improvement Corp.* 378 Ill. 298; *McCurdy* v. *Board of Education,* 359 Ill. 188.

The judgment of the circuit court of Sangamon County is affirmed.

*Judgment affirmed.*