Edward L. Dulaney, et al., Plaintiffs-Appellees, v. Glen Schaffer, et al., and Board of Education of Bridgeport Township High School District No. 3–12, Defendant-Appellant.

Gen. No. 63–F–18.

Fourth District.

May 6, 1963.

Franklin & Flynn, of Champaign, for appellant.

Richard S. Simpson, of Lawrenceville, for appellees.

SCHEINEMAN, P. J.

A petition was filed with the County Board of School Trustees of Lawrence County, Illinois, which sought detachment of certain acres from Bridgeport Township High School No. 3–12, Lawrence and Crawford Counties, Illinois, and attachment to Lawrenceville Township High School District No. 71, Lawrence County, Illinois. The petition was denied by the board, and the petitioners then filed a proceeding for Administrative Review in the circuit court;

the court reversed the decision of the board, and this appeal is taken by Bridgeport Township High School.

Preliminary to argument on the merits, the defendant-appellant presents certain objections to the procedure, which are here considered. The first pertains to the fact that the petition, as originally filed, contained more than ten signatures, but failed to designate a committee of ten petitioners to act as attorney in fact for all. This is required by Section 7-6 of the School Code, c 122, Ill Rev Stats.

 Although the petition was defective as originally filed, it was amended five days before the hearing, by adding thereto a designation of ten petitioners as attorney in fact, and this was signed by all petitioners. The purpose of the statute is clear; any seven of the committee may enter into stipulations binding upon all petitioners. Since the required committee was designated in adequate form prior to any hearing, there resulted no inconvenience to the court nor prejudice to any other party. Accordingly we hold the designation of the committee was in time, and cured the defect.

When the petition was originally filed, the respective boards of education of the attaching and detaching districts were notified. However, the complaint for administrative review named only the board of the detaching district as a defendant. Lawrenceville Township High School District No. 71, which would be the attaching district if the petition is allowed, was not a party to the suit below nor on this appeal. The Administrative Review Act, c 110, Sec 271, Ill Rev Stats, contains this provision:

"In any action to review any final decision of an administrative agency, the administrative agency and all persons, other than the plaintiff, who were parties of record to the proceedings before the administrative agency shall be made defendants."

215

This provision is mandatory. Babington v. County Board of School Trustees of Franklin County, 7 Ill App2d 193, 194, 129 NE2d 291; Winston v. Zoning Board, 407 Ill 588, 95 NE2d 864. Moreover, a petition to annex and detach involves the rights of both school districts, and both are necessary parties. Board of Education v. Nickell, 410 Ill 98, 101 NE2d 438. The court should have required the district to be made a party defendant. Webster v. Jackson, 304 Ill 569, 136 NE 770.

The judgment is reversed and the cause remanded with directions that plaintiffs be given leave, upon payment of costs, to make Lawrenceville Township High School District No. 71 a defendant, and if this is not done within a reasonable time, to dismiss the suit.

Reversed and remanded.

CULBERTSON and HOFFMAN, JJ., concur.