RONALD L. BURGESS, Plaintiff-Appellant, v. BOARD OF FIRE AND POLICE COMMISSIONERS OF THE CITY OF QUINCY *et al.*, Defendants-Appellees.

Fourth District   No. 4—90—0516

Opinion filed February 28, 1991.—Rehearing denied April 3, 1991.

Richard D. Frazier, of Metnick, Barewin & Wise, of Springfield, for appellant.

Thomas J. Ortbal, Assistant Corporation Counsel, of Quincy, for appellees.

JUSTICE KNECHT delivered the opinion of the court:

Plaintiff Ronald L. Burgess (Burgess) appeals a circuit court order which dismissed his complaint for administrative review on the basis of his failure to join a necessary party as a defendant. In his complaint for administrative review, Burgess sought reversal of an order of the Board of Fire and Police Commissioners of the City of Quincy (Board) which discharged Burgess from his employment as a City of Quincy (Quincy) police officer. We reverse the order of dismissal and remand.

On June 15, 1989, John M. Wilson, who is the Quincy chief of police, filed with the Board written charges against Burgess. Appended to these charges were copies of internal police department memoranda and other documents which allegedly supported the charges. Subsequently, on July 7, 1989, the Board, "[p]ursuant to written complaint of Chief of Police John M. Wilson," filed 17 charges against Burgess. The majority of these charges were premised on Burgess allegedly leaving his assigned area of patrol without authorization on numerous occasions, often to offer unrequested assistance to other police officers who were outside his assigned area; Burgess being less than truthful in answering questions of and in preparing reports to his superiors; Burgess' alleged failure to submit required reports in a timely manner; Burgess allegedly making errors and failing to follow proper procedures in entering court dates on traffic tickets; and Burgess' alleged carelessness in the handling of evidence. On July 11, 1990, a copy of the charges prepared by the Board, together with notice of a July 18, 1990, hearing on the charges, was personally served on Burgess.

The hearing on the charges against Burgess was on three occasions continued by agreement of the parties. The Board held hearings on the charges on September 5, September 26, and November 15, 1989. In a "finding and decision" entered December 28, 1989, the Board found Burgess guilty of all but 3 of the 17 charges filed against him. Following

a dispositional hearing held January 30, 1990, the Board on February 14, 1990, entered an order discharging Burgess from his position as a police officer.

On March 21, 1990, Burgess filed a complaint for administrative review of the Board's discharge order. The Board filed a motion to dismiss Burgess' complaint on April 10, 1990. The basis for this motion was Burgess' failure to name Chief Wilson as a party defendant to the administrative review action. The Board asserted Chief Wilson was a necessary party to the proceeding. On June 27, 1990, the circuit court allowed the Board's motion and dismissed with prejudice Burgess' complaint for administrative review.

In appealing the circuit court's dismissal order, Burgess asserts because no hearing was scheduled within 30 days of June 15, 1989—the date Chief Wilson filed charges against him with the Board—the Board lacked jurisdiction to consider the charges against him and the discharge order which it entered is thus void *ab initio*. As to the merits of the necessary party issue, Burgess asserts Chief Wilson was not a necessary party because (1) neither he nor his attorney entered an appearance in the administrative proceeding, and (2) the Board proceeded on the basis of charges which it, and not Chief Wilson, filed.

As an alternative to holding either that the Board's discharge order should be reversed for lack of jurisdiction, or that this cause should be remanded to the circuit court for a hearing on the merits because Chief Wilson was not a necessary party, Burgess asserts we should remand this cause to the circuit court with directions that the Board be required to file in the circuit court a complete record of the administrative proceedings which resulted in the discharge order. Burgess points out the complete transcripts of the administrative hearings were not filed in the circuit court, and he maintains that, without the transcripts, the circuit court was incapable of making an informed decision as to whether Chief Wilson was a necessary party. Burgess also contends the circuit court could not properly have relied on an affidavit of attorney Howard Snowden in determining whether Chief Wilson was a necessary party, since the filing of this affidavit in the circuit court amounted to an improper attempt to supplement the record of the administrative proceedings.

With respect to the question of whether it had jurisdiction to enter its discharge order, the Board asserts the 30-day time limit for setting hearings on charges against police officers contained in section 10—2.1—17 of the Illinois Municipal Code (Code) (Ill. Rev. Stat. 1989, ch. 24, par. 10—2.1—17) is inapplicable to this case, because Quincy, pursuant to its home-rule powers, has adopted an ordinance which supersedes this statute. The Board asserts, under the applicable ordinance, it did not

have to schedule a hearing within 30 days of the date Chief Wilson filed charges with the Board, but instead it was only required to schedule a hearing within 30 days of the date the Board filed charges against Burgess.

The Board maintains Chief Wilson is a necessary party to this administrative review action because (1) he filed the initial charges against Burgess, (2) he is listed as a party of record on proofs of service attached to three orders of continuance which the Board entered in the administrative proceeding, (3) he was served with a copy of the Board's finding and decision as well as with a copy of the Board's discharge order, and (4) the affidavit of attorney Howard Snowden corroborates the Board's assertion Chief Wilson was a party to the administrative proceeding. The Board suggests it was not required to file a complete record of the administrative proceedings in the circuit court because, pursuant to section 3—106 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 3—106), it had the option of filing a motion to dismiss in lieu of filing the entire record. The Board states, in addition to filing a motion to dismiss in this case, it also filed the portions of the record relevant to the necessary party issue, and Burgess fails to assert in what respect the filing of the entire record would have altered the trial court's decision as to this issue. With regard to the admissibility of the affidavit of attorney Snowden, the Board states:

> "[T]he purpose of the affidavit was not to introduce new or additional evidence in support or opposition to the Board's decision. Rather, the purpose of the affidavit was to provide a verified statement as to the facts as they related to the administrative proceeding, but which were not necessarily reflected on the face of the complaint for administrative review (the only pleading on file). The affidavit served to simply place the issue before the trial court as to whether Chief Wilson was a necessary party."

Burgess asserts, in his reply argument, that under the Board's rules, which have been adopted by the relevant Quincy city ordinance, the 30-day time period for scheduling a hearing commenced when Chief Wilson initially filed written charges with the Board.

The Code provides in pertinent part:

> "The board of fire and police commissioners shall conduct a fair and impartial hearing of the charges [against a police officer or firefighter], to be commenced within 30 days of the filing thereof, which hearing may be continued from time to time." (Ill. Rev. Stat. 1989, ch. 24, par. 10—2.1—17.)

Municipalities such as Quincy, which have populations of more than 25,000, are home-rule units and may enact ordinances pertaining to mu-

nicipal employees which conflict with State statutes concerning the same matters. (Ill. Const. 1970, art. VII, §§6(a),(i); *Paglini v. Police Board* (1975), 61 Ill. 2d 233, 335 N.E.2d 480; *Cappitelli v. Rodewald* (1988), 171 Ill. App. 3d 875, 525 N.E.2d 1037.) Quincy has exercised this power by enacting the following ordinances pertaining to police and fire department personnel matters. Section 11.611 states, in part:

> "Nothing herein shall be deemed to limit or restrict the power and authority of the board [of Fire and Police Commissioners], in accordance with its rules, to conduct informal investigations of complaints or allegations of misconduct of members of the fire or police departments. Charge or charges as used herein, shall be deemed to be filed only after the board files and serves on the member formal, written notice of charges in accordance with the rules of the board, and after such informal investigation of a complaint or allegation as the board, in its discretion may conduct." (Quincy, Ill., City Code §11.611 (1980).)

And, section 11.625 states:

> "*Pre-emption*—It is found and determined that this article and the provisions thereof prevails over division 2 of article 10 entitled 'Board of Fire and Police Commissioners' as amended by act approved August 10, 1965 of chapter 24 of the Illinois Revised Statutes, sections 10—2.1—1 to and including section 10—2.1—30 of said act of the Legislature of Illinois in accordance with the provisions of the Illinois Constitution of 1970 as in such case made and provided, and it is the intent of this article to pre-empt said act of the State of Illinois as herein set forth." (Quincy, Ill., City Code, §11.625 (1980).

The rules adopted by the Board provide, in part:

> "Section 2. Formal charges. All formal charges shall be filed with or by the Board in writing and shall state specifically the facts alleged to constitute the cause for the hearing; provided, however, that the Board may, of its own motion, lodge charges. Investigation of charges may be broad in their character, and evidence may be heard upon any facts or circumstances pertinent or applicable to such charges." Quincy, Ill., Rules of the Board of Fire and Police Commissioners, Rule V, §2.

■ A reading of section 11.611 of the Quincy City Code, juxtaposed with the above-quoted portion of the Board's rules, leads to the conclusion that it was the service upon Burgess of a copy of the charges against him which triggered the Board's duty to schedule a hearing. Section 11.611 clearly states charges "shall be deemed to be filed only after the board files *and serves* on the member formal, written notice of

charges in accordance with the rules of the board." (Emphasis added.) (Quincy, Ill., City Code §11.611 (1980).) Thus, a charge is not deemed filed until after it is served on the police officer to whom it is directed. Both the filing *and service* of the charge must occur in accordance with the rules of the Board before the time for setting a hearing begins to run. The facts that parties other than the Board may file formal charges and the charges filed by Chief Wilson may have constituted formal charges are of no consequence with regard to determining when the time period for setting a hearing on the charges against Burgess commenced. This time period did not begin to run until a formal charge, whether filed by the Board or by someone else, was served on Burgess. In *Sherman v. Board of Fire & Police Commissioners* (1982), 111 Ill. App. 3d 1001, 445 N.E.2d 1, on which Burgess principally relies, the event which triggered the obligation to set a hearing date was the filing of charges with the board, and that case is thus factually inapposite to the present case.

■ Like section 10—2.1—17 of the Code (Ill. Rev. Stat. 1989, ch. 24, par. 10—2.1—17), section 11.611 of the Quincy City Code (Quincy, Ill., City Code §11.611 (1980)) requires, in cases of this type, a hearing "be commenced within thirty (30) days" of the filing of charges. In the present case, the charges were filed in accordance with the applicable ordinance and Board rules on July 11, 1990, when Burgess was first served with a copy of charges against him. A hearing was initially set for July 18, 1990, which was well within 30 days of the date the charges were filed. Therefore, the Board had jurisdiction to consider the charges against Burgess and to take appropriate action on the basis of the charges.

Before addressing the merits of the necessary party issue, we must determine whether the affidavit of attorney Howard Snowden may be considered in deciding this issue. In his affidavit, Snowden stated: (1) in his capacity as corporation counsel, he appeared for and with Chief Wilson in the proceedings before the Board which are the subject of the present action, (2) Chief Wilson appeared personally and with Snowden at all Board proceedings pertaining to the charges against Burgess, and (3) the evidence in support of the charges against Burgess was presented by Snowden on behalf of Chief Wilson.

■■ It is well established that affidavits which were not made a part of the record in proceedings before the administrative agency may not be considered in an administrative review action. (Ill. Rev. Stat. 1989, ch. 110, par. 3—110; *Kupkowski v. Board of Fire & Police Commissioners* (1979), 71 Ill. App. 3d 316, 322, 389 N.E.2d 219, 224.) Moreover, a complete transcript of the proceedings before the Board probably would

have provided definitive information as to most of the matters mentioned in Snowden's affidavit. For these reasons, Snowden's affidavit may not be considered in determining what transpired in the proceedings before the Board.

■ The determination of whether Chief Wilson is a necessary party to this administrative review action turns on whether he was a "party of record" to the proceedings before the Board. *Lockett v. Chicago Police Board* (1990), 133 Ill. 2d 349, 549 N.E.2d 1266, clearly holds that pursuant to sections 3—103 and 3—107 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, pars. 3—103, 3—107), all persons who were parties of record to an administrative proceeding must be made parties to an action for review of an order entered in the course of the administrative proceeding, and summons must be timely issued with respect to such parties. Noncompliance with the time limit for obtaining issuance of a summons may, however, be excused if there is evidence of a good-faith, albeit futile, effort to comply with this requirement.

*Lockett* provides little help in determining who is a "party of record" in an administrative proceeding. The supreme court decision simply states the police superintendent was a party of record to the proceedings before the police board. (*Lockett*, 133 Ill. 2d at 354, 549 N.E.2d at 1268.) The appellate decision (*Lockett v. Chicago Police Board* (1988), 176 Ill. App. 3d 792, 793, 531 N.E.2d 837, 837) only states the police superintendent filed the charges against Lockett.

In the present case, Chief Wilson is listed as a party of record on the proofs of service attached to three orders of continuance entered by the Board, and he obviously was the person ultimately responsible for the administrative proceeding taking place, in that he filed the initial charges against Burgess. However, Chief Wilson is not listed as a party on the appearance pages of the administrative hearing transcripts (which, together with the caption sheets, are the only portions of the hearing transcripts filed in the circuit court), although these sheets do list an appearance by "the Police Department." This case differs from *Lockett*, in that there, the charges on which the discharge order was premised were filed by the police superintendent. In the present case, by contrast, the Board premised its discharge order on charges which it filed.

■ Under the facts of this case, a complete transcript of the administrative hearing could well have been crucial in determining whether Chief Wilson was a party of record to the administrative proceeding. The transcript might have revealed, for instance, if counsel specifically stated he appeared on behalf of Chief Wilson. However, under section 3—106 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par.

3—106), an administrative agency which is a defendant in an administrative review action may appear by filing either "an answer consisting of a record of the proceedings had before it, or a written motion in the cause or a written appearance." Thus, an administrative agency is not required to file the record of an administrative proceeding until such time as it is required to file an answer, which, in this case, would have been after denial of the Board's motion to dismiss.

■ Unlike in *Pisano v. Giordano* (1982), 106 Ill. App. 3d 138, 435 N.E.2d 899, which is cited by both parties, those portions of the administrative record which the Board deemed relevant to its motion were before the circuit court when it ruled on the motion. In contrast to *Pisano*, the circuit court in the present case was not placed in the position of having to render its decision in a vacuum, without the benefit of any portion of the administrative record. Consequently, the circuit court's ruling on the Board's motion to dismiss must be considered solely on the basis of that portion of the administrative record on file with the circuit court when it considered the Board's motion.

■ The portions of the administrative record which were before the circuit court do not establish Chief Wilson filed the charges which were the basis for the discharge order. Moreover, the proofs of service of continuance orders, which list Chief Wilson as a party, do not conclusively establish he was a party of record to the administrative proceeding. There is nothing which establishes that after the Board filed the charges on which it premised its discharge order, Chief Wilson took any action to become a party of record. An individual does not become a party of record to an administrative proceeding simply because the administrative agency says he is a party. For these reasons, we hold the Board did not sustain its burden of establishing Chief Wilson was a party of record to the administrative proceeding which culminated in the order discharging Burgess.

The circuit court order which allowed the Board's motion to dismiss is reversed, and this cause is remanded to the circuit court for further proceedings consistent with this opinion.

Reversed and remanded.

SPITZ and GREEN, JJ., concur.