BOARD OF EDUCATION OF BETHANY COMMUNITY UNIT SCHOOL DISTRICT No. 301, Counties of Moultrie, Shelby and Macon, Plaintiff-Appellee, v. REGIONAL BOARD OF SCHOOL TRUSTEES OF CLARK, COLES, CUMBERLAND, EDGAR, MOULTRIE AND SHELBY COUNTIES, *et al.*, Defendants-Appellants (Anna Jane Sager *et al.*, Defendants).

Fourth District   No. 4—93—0413

Argued December 15, 1993.—Opinion filed January 13, 1994.

Michael J. Tibbs (argued), of Miller, Hall & Triggs, of Peoria, for appellants B. Keith Harshman and Cindy L. Harshman.

C. Stephen Ferguson (argued), State's Attorney, of Charleston, for appellant Regional Board of School Trustees.

Merry C. Rhoades (argued), of Robbins, Schwartz, Nicholas, Lifton & Taylor, Ltd., of Carbondale, for appellee.

JUSTICE KNECHT delivered the opinion of the court:

On May 26, 1992, B. Keith and Cindy L. Harshman, Anna Jane Sager and E. Lucille Bragg petitioned the Regional Board of School Trustees of Clark, Coles, Cumberland, Edgar, Moultrie and Shelby Counties (Regional Board) to detach certain property from the Bethany Community Unit School District No. 301 (Bethany School District) and annex it to an adjacent district, Sullivan Community Unit School District No. 300 (Sullivan School District). The Regional Board granted their petition, and the circuit court later reversed this deci-

sion. Defendants, Keith and Cindy Harshman, the Regional Board, and the Regional Superintendent of Schools of Clark, Coles, Cumberland, Edgar, Moultrie, and Shelby Counties (Regional Superintendent) appeal, arguing, (1) the trial court erred in not dismissing Bethany School District's complaint for administrative review for failure to name Sullivan School District as a party defendant, (2) the Regional Board's decision was not against the manifest weight of the evidence, and (3) the circuit court properly denied Bethany School District's motion to dismiss, alleging the petition failed to meet the requirements of section 7—4 of the School Code (Code) (Ill. Rev. Stat. 1991, ch. 122, par. 7—4).

We find plaintiff's complaint for administrative review should have been dismissed for failure to name Sullivan School District as a defendant. Thus, we need not reach the other contentions. We only outline those facts relevant to an understanding of this decision. Petitions were filed pursuant to section 7—6 of the Code (Ill. Rev. Stat. 1991, ch. 122, par. 7—6), with the Regional Board seeking to detach certain property from the Bethany School District and annex it to the Sullivan School District. The subject property consisted of a single residence, owned by the Harshmans, together with some adjoining farmland owned by Sager and Bragg, and included to achieve contiguity with the Sullivan School District. The Harshmans are the only residents of the subject property.

A hearing on the petition was held. Petitioners, as well as the Bethany School District, were represented by counsel. Sullivan School District, however, declined to make a formal appearance although it was notified of the proceedings before the Regional Board. After hearing the evidence, the Regional Board granted the petition. On August 14, 1992, plaintiff filed a complaint pursuant to section 7—7 of the Code (Ill. Rev. Stat. 1991, ch. 122, par. 7—7) in the circuit court of Coles County, seeking administrative review of the Regional Board's order. The complaint did not name Sullivan School District, the annexing district, as a defendant to the action, nor was any summons issued requesting it to appear in the proceedings or file an answer in the case. Thereafter, defendants, Keith and Cindy Harshman, and the Regional Board and regional superintendent moved to dismiss plaintiff's complaint, alleging plaintiff did not name the Sullivan School District as a defendant. They argued because Sullivan School District's rights were necessarily affected by any decision, Sullivan School District was a "proper, necessary and indispensable party to the proceeding." They maintained Sullivan School District must be named as a defendant, and plaintiff's failure to do so required dis-

missal of the complaint. Moreover, they argued since more than 35 days had elapsed since plaintiff received a copy of the order, the failure to name a necessary party could not be cured by a subsequent amendment. The court denied the motion, ruling Sullivan School District failed to appear at the proceeding before the Regional Board and was therefore not a necessary party to the administrative review proceedings.

After hearing, the circuit court held the Regional Board's order was against the manifest weight of the evidence and remanded the cause to the Regional Board to enter an order denying the petition. Specifically, the court found the evidence tended to show the boundary change was for the benefit and desire of the parents, as opposed to the educational benefits to the children. This appeal followed.

Judicial review of administrative decisions is governed by the Administrative Review Law (Review Law) (Ill. Rev. Stat. 1991, ch. 110, par. 3—101 *et seq.*). The Review Law requires an action for administrative review "shall be commenced by the filing of a complaint and the issuance of summons within 35 days from the date that a copy of the decision sought to be reviewed was served upon the party affected thereby." (Ill. Rev. Stat. 1991, ch. 110, par. 3—103.) Moreover, the summons must be issued on the administrative agency and on all defendants. (Ill. Rev. Stat. 1991, ch. 110, par. 3—105.) Most relevant to this appeal is section 3—107(a) of the Review Law, which defines who shall be made a defendant to an action for review of an administrative decision and provides "in any action to review any final decision of an administrative agency, the administrative agency and all persons, other than the plaintiff, *who were parties of record to the proceedings before the administrative agency* shall be made defendants." (Emphasis added.) (Ill. Rev. Stat. 1991, ch. 110, par. 3—107(a).) Section 3—102 states that the Review Law is statutory and not based upon the common law. (Ill. Rev. Stat. 1991, ch. 110, par. 3—102.) As a consequence, the procedures mandated by the Review Law must be strictly adhered to in order to justify its application. *Lockett v. Chicago Police Board* (1990), 133 Ill. 2d 349, 353, 549 N.E.2d 1266, 1267; *Winston v. Zoning Board of Appeals* (1950), 407 Ill. 588, 95 N.E.2d 864.

While the requirement of joinder of all parties under section 3—107 of the Review Law is not jurisdictional, the supreme court has held it is mandatory. (*Lockett*, 133 Ill. 2d at 354, 549 N.E.2d at 1268.) While not depriving the court of jurisdiction, failure to comply with this mandatory requirement, *i.e.*, the joinder of all necessary parties as defendant and service of summons upon them within 35 days, man-

dates dismissal in the absence of a good-faith effort to comply with the statute. *Lockett*, 133 Ill. 2d at 355, 549 N.E.2d at 1268; see also *Zientara v. Lottery Control Board* (1991), 214 Ill. App. 3d 961, 969-71, 574 N.E.2d 747, 752-54; *Gilty v. Village of Oak Park Board of Fire & Police Commissioners* (1991), 218 Ill. App. 3d 1078, 1085, 578 N.E.2d 1294, 1299.

Plaintiff did not name Sullivan School District as a defendant or serve it summons within the 35-day time frame. The question presented is whether Sullivan School District was a party of record to the administrative board proceedings and was required to be named as a defendant and served with summons. The determination of whether Sullivan School District was a necessary party to this administrative action turns on whether it was a "party of record" to the proceedings before the Regional Board. *Lockett* holds that pursuant to sections 3—103 and 3—107 of the Review Law, all persons who are parties of record to an administrative proceeding must be made parties to an action for review of an order entered in the course of the administrative proceeding and summons must be timely issued with respect to the parties. Noncompliance with the time limit for obtaining issuance of a summons may, however, be excused if there is evidence of a good-faith, albeit futile, effort to comply with the requirement.

If Sullivan School District had appeared at the proceedings before the Regional Board, it would be considered a party of record and would, therefore, have to be named as a defendant. (See *Spicer, Inc. v. Regional Board of School Trustees* (1991), 212 Ill. App. 3d 16, 19, 570 N.E.2d 678, 681 (held plaintiffs were required to designate Seneca School District as a defendant to the action for administrative review where the school district appeared at the hearing as a party of record and participated through an attorney).) Under the facts of this case, however, Sullivan School District *did not* appear at the Regional Board proceeding nor was it represented by an attorney. It did not participate in the hearing or present any evidence. There is nothing in the record which establishes that after the petition was filed, Sullivan School District took any action after it received notification of the hearing. Plaintiff argues this inaction relieved it of the necessity of naming Sullivan School District as a defendant.

While some cases suggest a person need not be made a party to a review action where no action was taken to become a party (see *Burgess v. Board of Fire & Police Commissioners* (1991), 209 Ill. App. 3d 821, 829, 568 N.E.2d 430, 435 (held, chief of police was not a party of record to the administrative proceeding where he did not file the

charges which were the basis for the discharge order or take any action to become a party of record)), we find Sullivan School District was a party of record to the proceedings, even though it did not participate in the hearing. Once it received notice of the initial Regional Board hearing, it was a party to the proceedings and had to be made a defendant in the review action. To hold otherwise would suggest Sullivan School District was not a party which would be bound by the judgment. Its status as a party is not affected by its failure to appear and participate. Sullivan School District's rights, as the annexing district, would necessarily be affected by the decision to grant or deny the petition. Therefore, it must be considered a party of record, regardless of whether it participated in the hearing. It thus had to be named as a defendant in the administrative review action. Because plaintiff failed to name and serve Sullivan School District within the 35-day time frame, plaintiff's petition should have been dismissed. See *Dulaney v. Schaffer* (1963), 41 Ill. App. 2d 213, 190 N.E.2d 512 (held, Lawrenceville School District, which was not a party to the administrative review proceedings in the circuit court or on appeal, was a necessary party as its rights as the annexing district would be affected by the petition for detachment); *Board of Education of Waverly Community Unit School District No. 6 v. Nickell* (1951), 410 Ill. 98, 101 N.E.2d 438.

Additional support for this is found in section 7—7 of the Code, which provides:

> "[A]ny resident who appears at the hearing or any petitioner or *board of education of any district affected* may within 35 days after a copy of the decision sought to be reviewed was served by registered mail upon the party affected thereby file a complaint for a judicial review of such decision in accordance with the Administrative Review Law and the rules adopted pursuant thereto." (Emphasis added.) (Ill. Rev. Stat. 1991, ch. 122, par. 7—7.)

If Sullivan School District can appeal the decision of the Regional Board without participating at the hearing or being represented by counsel, it should be considered a party of record for administrative review proceedings.

For the reasons stated, the judgment of the circuit court of Coles County is reversed.

Reversed.

GREEN and STEIGMANN, JJ., concur.