THE HOUSING AUTHORITY OF THE COUNTY OF MARION, ILLINOIS, by and Through Its Wholly Owned Subsidiary, Marion County, Illinois, Elderly Housing Corporation, Plaintiff-Appellant, v. THE DEPARTMENT OF REVENUE OF THE STATE OF ILLINOIS *et al.*, Defendants-Appellees (Salem Elementary School District No. 111 *et al.*, Petitioners-Appellees).

Fifth District   No. 5—07—0260

Opinion filed April 20, 2009.—Rehearing denied June 1, 2009.

WELCH, J., dissenting.

Jennifer M. Martin, of Crain, Miller & Wernsman, Ltd., of Centralia, for appellant.

Brandon K. Wright, of Miller, Tracy, Braun, Funk & Miller, Ltd., of Monticello, for appellee County of Marion.

Lisa Madigan, Attorney General, of Chicago (Val Simhauser, Assistant Attorney General, of counsel), for appellee Department of Revenue.

JUSTICE GOLDENHERSH delivered the opinion of the court:

This appeal is pursuant to Supreme Court Rule 308 (155 Ill. 2d R. 308). The circuit court of Marion County certified the following question for review:

"Whether municipalities, school districts, and community college districts[ ] who are entitled to receive notice of an application for

property tax exemption pursuant to [section 16—70 of the Property Tax Code (35 ILCS 200/16—70 (West 2006))] but who, after receiving notice of the application for property tax exemption, do not participate in the proceedings before the Board of Review concerning the application for property tax exemption[ ] are necessary parties in any subsequent administrative review proceeding before the circuit court involving the application for property tax exemption?" The facts are not in dispute and our review is *de novo*. *Rita v. Mayden*, 364 Ill. App. 3d 913, 919, 847 N.E.2d 578, 583 (2006).

## FACTS

On June 3, 1999, the Marion County, Illinois, Elderly Housing Corp. (plaintiff) filed an application for a property tax exemption with the Marion County Board of Review (Board) pursuant to the Property Tax Code (35 ILCS 200/16—70 (West 1998)). Plaintiff mailed copies of the application to the Marion County clerk and recorder, the City of Salem clerk's office, Salem Elementary Schools, Salem Community High School, Kaskaskia College, Salem Township, the Salem Fire Protection District, and the Salem Airport Authority. Salem Elementary School District No. 111, Salem Community High School District No. 600, Salem Fire Protection District, and Salem Township (petitioners) did not participate in the proceedings before the Board.

The Board recommended that the tax exemption be granted. The Property Tax Code requires the automatic review of an exemption decision. 35 ILCS 200/16—70 (West 2006). On October 21, 1999, the Illinois Department of Revenue (Department) denied the request for an exemption. Plaintiff filed a timely administrative protest. On January 30, 2002, an administrative law judge reviewed the application and recommended the denial of the exemption.

On March 5, 2002, plaintiff filed a complaint for administrative review in the circuit court of Marion County. The Department and the County of Marion were named as defendants. Petitioners were not named as defendants in the complaint and were not served with process or otherwise notified of the proceeding. On December 30, 2002, the circuit court reversed the decision of the Department and ordered the Department to issue tax-exempt certificates for plaintiff.

On September 14, 2005, petitioners filed a petition for relief from a void order and judgment in the circuit court of Marion County (see 735 ILCS 5/2—1401 (West 2006)). Petitioners contend that they should have been joined as parties in the complaint for administrative review as parties of record under the Administrative Review Law (735 ILCS 5/3—107 (West 2006)). Plaintiff filed a motion to dismiss. On July 31, 2006, the circuit court entered an order denying the motion to dismiss. The court later denied a motion to reconsider. On May 3, 2007, the

circuit court certified the question of law pursuant to Supreme Court Rule 308 (155 Ill. 2d R. 308). We find that petitioners were not necessary parties, and we answer the certified question in the negative.

## ANALYSIS

### I. Property Tax Code

The certified question requires this court to evaluate the application of both the Property Tax Code and the Administrative Review Law. Plaintiff filed an application for an exemption under section 16—70 of the Property Tax Code. Section 16—70 states, in part, as follows:

"§16—70. Determination of exemptions. The board of review shall hear and determine the application of any person who is assessed on property claimed to be exempt from taxation. However, the decision of the board shall not be final, except as to homestead exemptions. Upon filing of any application for a non[ ]homestead exemption which would reduce the assessed valuation of any property by more than $100,000, the owner shall deliver, in person or by mail, a copy of the application to any municipality, school district, community college district, and fire protection district in which the property is situated. Failure of a municipality, school district, community college district, or fire protection district to receive the notice shall not invalidate any exemption. The board shall give the municipalities, school districts, community college districts, fire protection districts, and the taxpayer an opportunity to be heard. The clerk of the board in all cases other than homestead exemptions, under the direction of the board, shall make out and forward to the Department[ ] a full and complete statement of all the facts in the case. The Department shall determine whether the property is legally liable to taxation. It shall notify the board of review of its decision, and the board shall correct the assessment if necessary. The decision of the Department is subject to review under Sections 8—35 and 8—40." 35 ILCS 200/16—70 (West 2006).

The Property Tax Code sets forth two relevant requirements toward geographically relevant districts such as petitioners. The applicant and the Board each have a single requirement, and both requirements must be met at the level of the initial review by the Board. First, the taxpayer must deliver a copy of the application to all school districts and community college districts in which the property is located. Second, the Board is required to give the owner and the districts "an opportunity to be heard." 35 ILCS 200/16—70 (West 2006).

Both of these requirements were met. Plaintiff fulfilled its obligation by delivering a copy of the application to petitioners. The Board fulfilled its obligation because petitioners had an opportunity to be heard.

Section 16—70 calls for an automatic review of the Board's decision by the Department. Upon the Board's reaching a decision, the clerk of the Board is required to forward a statement of facts to the Department. After its receipt of the clerk's statement, the Department must fulfill two requirements. First, it must decide "whether the property is legally liable" for the taxation. 35 ILCS 200/16—70 (West 2006). Then, the Department must notify the Board of the decision, and the Board must follow the command of the Department. The provision for automatic review creates no additional requirements toward petitioners.

Section 8—35 establishes the procedure for an administrative protest. 35 ILCS 200/8—35 (West 2006). Section 8—35(b) provides that "any party to the proceeding who feels aggrieved by the decision may file an application for hearing." 35 ILCS 200/8—35(b) (West 2006). If a petition is filed, the Department "shall grant any party to the proceeding a hearing." 35 ILCS 200/8—35(b) (West 2006). Furthermore, "any party to the proceeding may file with the Director a written request for rehearing" within 30 days of the date of mailing of notice of decision on the protest hearing. 35 ILCS 200/8—35(b) (West 2006). A rehearing is discretionary.

None of the petitioners ever became "a party to the proceeding" while the exemption decision was under protest pursuant to section 8—35. The plain language of the section and the ordinary meaning of the term "proceeding" suggest that petitioners had to participate to fit under this rubric. Furthermore, section 8—35 imparted no rights upon petitioners. Section 16—70 gave petitioners an "opportunity to be heard," and that was for the Board proceedings, not at the Department hearing. Because petitioners never took advantage of the opportunity provided by section 16—70, they had no right to notice under section 8—35.

The regulations governing the exemption procedures make abundantly clear that petitioners never became parties to the administrative proceedings. The regulations provide as follows:

"h) ***

***

2) Upon making a determination with respect to an application for a property tax exemption pursuant to Section 16—70 or Section 16—130 of the Property Tax Code [(35 ILCS 200/ 16—70, 16—130 (West 2006))], copies of the Department's

decision will be mailed to the applicant, to any intervenors, to the Clerk of the Board of Review or Board of Appeals, as the case may be, to the County Assessor in counties that have a County Assessor, to the County Collector in counties with 3,000,000 or more inhabitants, and to the County Clerk in counties with fewer than 3,000,000 inhabitants.

3) Intervenors shall be either an entity with an interest in the property or a taxing district within whose territory the property lies in whole or in part. Intervenors shall have intervened in writing in the consideration of the application at the Board of Review or Board of Appeals level prior to such Board's determination (recommendation) or at the Department level prior to the Department's decision." 86 Ill. Adm. Code §§110.115(h)(2), (h)(3), eff. October 3, 1996.

The regulations are explicit. Taxing districts, such as petitioners, have the ability to intervene in the action, but they must do so in writing before the Department issues a decision. Petitioners never intervened. They never took the steps to become parties of record to the proceedings before the administrative agency.

## II. Administrative Review Law

Petitioners' claim rests not upon the Property Tax Code, but the Administrative Review Law. Section 8—40 of the Property Tax Code (35 ILCS 200/8—40 (West 2006)) describes the applicability of the Administrative Review Law. Section 8—40 provides, "The Administrative Review Law and the rules adopted under it apply to and govern all proceedings for the judicial review of final administrative decisions of the Department under Section 8—35." 35 ILCS 200/8—40 (West 2006). The Administrative Review Law provides as follows:

"§3—107. Defendants.

(a) Except as provided in subsection (b), in any action to review any final decision of an administrative agency, the administrative agency and all persons, other than the plaintiff, *who were parties of record to the proceedings before the administrative agency* shall be made defendants." (Emphasis added.) 735 ILCS 5/3—107(a) (West 2006).

Petitioners contend that a party may be a "party of record" even if it was absent from the underlying administrative proceedings. This, of course, depends on the statutes and regulations governing the underlying administrative proceedings. Under the Property Tax Code, petitioners needed to take steps to intervene before becoming *parties of record before the administrative agency*. Because the language of the Property Tax Code is clear and unambiguous, the answer to the certified question is apparent without reference to any other method of statutory interpretation.

Nonetheless, case law based on proceedings under other administrative codes compels further discussion. Petitioners compare their status to the absentee party in *Board of Education of Bethany Community Unit School District No. 301 v. Regional Board of School Trustees*, 255 Ill. App. 3d 763, 627 N.E.2d 1175 (1994) (*Bethany*). In *Bethany*, residents of the Bethany school district petitioned a regional board of school trustees to detach the residents' property from the district and annex it into the Sullivan school district (see Ill. Rev. Stat. 1991, ch. 122, par. 7—6). The Sullivan school district was notified of the petition, but it declined to make a formal appearance before the regional board of trustees. The regional board granted the petition. The Bethany school district then filed a complaint in the circuit court (see Ill. Rev. Stat. 1991, ch. 122, par. 7—7). The Sullivan school district was not named as a defendant and was not notified of the complaint.

*Bethany* found that the annexing district was a "party of record" despite its failure to participate in the underlying administrative proceedings. The action turned on whether the Sullivan school district was a "party of record" pursuant to section 3—107. The court noted that the record gave no indication that the Sullivan school district took any action after receiving notice of the administrative hearing. Nonetheless, the court found that the annexing district was a party of record. We quote at length the analysis provided by *Bethany*:

"While some cases suggest a person need not be made a party to a review action where no action was taken to become a party (see *Burgess v. Board of Fire & Police Commissioners* (1991), 209 Ill. App. 3d 821, 829, 568 N.E.2d 430, 435 (held, chief of police was not a party of record to the administrative proceeding where he did not file the charges which were the basis for the discharge order or take any action to become a party of record)), we find Sullivan School District was a party of record to the proceedings, even though it did not participate in the hearing. Once it received notice of the initial Regional Board hearing, it was a party to the proceedings and had to be made a defendant in the review action. To hold otherwise would suggest Sullivan School District was not a party which would be bound by the judgment. Its status as a party is not affected by its failure to appear and participate. Sullivan School District's rights, as the annexing district, would necessarily be affected by the decision to grant or deny the petition. Therefore, it must be considered a party of record, regardless of whether it participated in the hearing. It thus had to be named as a defendant in the administrative review action. Because plaintiff failed to name and serve Sullivan School District within the 35-day time frame, plaintiff's petition should have been dismissed. See *Dulaney v. Schaffer* (1963), 41 Ill. App. 2d 213, 190 N.E.2d 512 (held, Law-

renceville School District, which was not a party to the administrative review proceedings in the circuit court or on appeal, was a necessary party as its rights as the annexing district would be affected by the petition for detachment); *Board of Education of Waverly Community Unit School District No. 6 v. Nickell* (1951), 410 Ill. 98, 101 N.E.2d 438.

Additional support for this is found in section 7—7 of the [School] Code, which provides:

'[A]ny resident who appears at the hearing or any petitioner or *board of education of any district affected* may within 35 days after a copy of the decision sought to be reviewed was served by registered mail upon the party affected thereby file a complaint for a judicial review of such decision in accordance with the Administrative Review Law and the rules adopted pursuant thereto.' (Emphasis added.) (Ill. Rev. Stat. 1991, ch. 122, par. 7—7.)

If Sullivan School District can appeal the decision of the Regional Board without participating at the hearing or being represented by counsel, it should be considered a party of record for administrative review proceedings." *Bethany*, 255 Ill. App. 3d at 766-67, 627 N.E.2d at 1177-78.

Implicit in *Bethany* is the recognition that the term "party of record" in the Administrative Review Law did not expand the rights of absent districts beyond what was already granted by the School Code. Despite looking at whether the annexing district was "bound" and "affected" by the judicial review, *Bethany* was based on mandatory joinder of those who had been parties of record to the administrative proceeding as required by section 3—107. *Bethany* provides no discussion of who is a "necessary party" beyond determining those who were a "party of record" to the administrative proceeding. *Bethany* relied on language in the School Code, and precedent interpreting the School Code, that stated an "affected" district automatically became a party. *Bethany*, 255 Ill. App. 3d at 766-67, 627 N.E.2d at 1177-78 (the annexing district would be affected by a petition for a detachment under the School Code (citing *Dulaney v. Schaffer*, 41 Ill. App. 2d 213, 190 N.E.2d 512 (1963), and quoting Ill. Rev. Stat. 1991, ch. 122, par. 7—7—" 'any district affected' " (emphasis omitted))). *Bethany* concluded that the School Code explicitly provided that absent districts that were affected by the decision had the right to seek judicial review. The School Code also required those districts to be provided notice of the administrative *decision* and that any district affected may file a complaint for judicial review within 35 days after being served with the administrative decision. *Bethany*, 255 Ill. App. 3d at 767, 627 N.E.2d at 1178 (relying on Ill. Rev. Stat. 1991, ch.

122, par. 7—7). *Bethany* concluded that if a district can seek judicial review without participating in the administrative hearing, it should be considered a party of record.

Indeed, the direct opposite is true under the Property Tax Code. Because petitioners did not intervene, they were not entitled to receive notice of any administrative *decision*. Furthermore, the Property Tax Code strictly limits the ability to seek judicial review to those parties that participate in the administrative hearings. The Property Tax Code provides as follows:

"No action for the judicial review of any exemption decision of the Department shall be allowed unless the party commencing the action has filed an application for a hearing and the Department has acted upon the application." 35 ILCS 200/8—35(b) (West 2006).

Petitioners contend that they had no reason to intervene before the Department because the administrative rulings had been favorable. This argument is both misplaced and wrong. The Sullivan school district had the status of a party of record because the School Code automatically gave any district *affected* by the administrative decision the ability to directly seek judicial review. A claim that a party is affected does not impart that status under the Property Tax Code. The Property Tax Code did not allow petitioners to wait and see the results of the Department's decision before filing for judicial review. Participation in the administrative proceedings was mandatory. If the Department had entered a decision against petitioners' interest, petitioners would not have been able to seek judicial review because they never attained the status of parties to the proceeding. In order to seek judicial review, a taxing district must first intervene and file an application for a hearing. 35 ILCS 200/8—35 (West 2006). Petitioners could not wait and see. Intervention must be in writing and *prior* to the Department's decision. 86 Ill. Adm. Code §110.115(h)(3), eff. October 3, 1996; see 35 ILCS 200/8—40 (West 2006).

In contrast to *Bethany*, other cases have used the lack of a substantial interest of a party as an excuse to avoid a harsh dismissal. *Fayhee v. State Board of Elections*, 295 Ill. App. 3d 392, 692 N.E.2d 440 (1998); see *Community Mental Health Council, Inc. v. Department of Revenue*, 186 Ill. App. 3d 73, 77, 541 N.E.2d 1330, 1333 (1989) (the failure to name the foundation as a party did not warrant a dismissal because it had no interest in the conflict).

Petitioners point to language in *Fayhee* to claim that *Bethany* created an additional ground for being a necessary party beyond the requirements of section 3—107. In *Fayhee*, a registered voter seeking the judicial review of an order of the State Board of Elections failed to name the chairman of the board, despite his name appearing on the

final order. *Fayhee* found that the circuit court had erred by relying on *Bethany* as precedent *to dismiss* the complaint. *Fayhee* stated that *Bethany* was based on "a due-process concern" that the party have a substantial interest. *Fayhee*, 295 Ill. App. 3d at 402, 692 N.E.2d at 446. *Fayhee* stated that this inquiry was "related to, but not dependent upon, application of section 3—107(a)." *Fayhee*, 295 Ill. App. 3d at 402, 692 N.E.2d at 446. *Fayhee* concluded that naming the chairman was unnecessary because he was merely an agent of the board and not a separate party for purposes of section 3—107.

*Fayhee* does not support the proposition that a person must be named if he has a substantial interest. Instead, *Fayhee* holds that a dismissal for a failure to comply with section 3—107 is not warranted if the person has no substantial interest. *Fayhee* does not create grounds for a dismissal but gives an exception where a dismissal may be avoided. *Fayhee* used the label "due-process concern" in order to distinguish the situation in *Bethany* from a jurisdictional concern. *Fayhee* used the substantial-interest inquiry of *Bethany*, something *Fayhee* stated was "not dependent upon" section 3—107, as support for the finding that the chairman was not a necessary party despite his technically being named in the underlying record. Any reading of *Fayhee* that expands *Bethany* beyond the scope of section 3—107 requirements is both unfounded and *dicta*.

*Fayhee* did correctly assert that the inquiry in *Bethany* was not a jurisdictional concern. *Bethany* did not see the failure to meet the joinder requirement of section 3—107 as a jurisdictional defect. *Bethany* was founded on a failure to satisfy the statutory notice requirements. *Bethany* reversed the circuit court because plaintiff failed to serve the Sullivan school district within the 35-day time frame.

This brings us to the supreme irony of petitioners' position. Petitioners rely heavily on *Bethany*. *Bethany*, in turn, reversed on grounds of inadequate notice. Inadequate notice, however, would not have defeated the application under the Property Tax Code. The Property Tax Code explicitly provides that the failure of any district to receive notice "shall not invalidate any exemption." 35 ILCS 200/16—70 (West 2006). The explicit waiver of any penalty for improper notice in the Property Tax Code is yet another indication that petitioners never became parties of record.

Section 3—107 looks backward with the question "who were parties of record to the proceedings before the administrative agency." 735 ILCS 5/3—107(a) (West 2006). As our discussion of the case law on section 3—107 illustrates, if the underlying administrative code is unclear, then this question can be perplexing. Fortunately, the

Property Tax Code is clear. Taxing bodies, such as petitioners, must intervene in writing to become parties of record to the proceedings before the Department.

The answer to the certified question is in the negative. Petitioners never became parties of record in the proceedings before the Department and were thus not necessary parties before the circuit court.

Accordingly, the answer to the certified question is no, and the matter is remanded to the circuit court of Marion County.

Certified question answered; cause remanded.

SPOMER, J., concurs.

JUSTICE WELCH, dissenting:

I dissent. Under the authority of *Board of Education of Bethany Community Unit School District No. 301 v. Regional Board of School Trustees*, 255 Ill. App. 3d 763 (1994) (*Bethany*), even an absent party *who has a substantial interest and will be bound and affected by the judgment* must be joined as a necessary party to the proceedings and served as a party of record under the Administrative Review Law. In my opinion, the majority misinterprets the holding of *Bethany* and ignores its true import.

Quite simply, *Bethany*, 255 Ill. App. 3d at 767, held that where a party who is entitled to notice of the administrative proceeding would be bound and necessarily affected by the judgment, it must be considered a party of record for purposes of section 3—107(a) of the Administrative Review Law (735 ILCS 5/3—107(a) (West 2006)) regardless of whether it participated in the proceedings below:

"Once [Sullivan School District] received notice of the initial Regional Board hearing, it was a party to the proceedings and had to be made a defendant in the review action. To hold otherwise would suggest Sullivan School District was not a party which would be bound by the judgment. Its status as a party is not affected by its failure to appear and participate. Sullivan School District's rights, as the annexing district, would necessarily be affected by the decision to grant or deny the petition. Therefore, it must be considered a party of record, regardless of whether it participated in the hearing."

The majority asserts that the decision in *Bethany* relied on the School Code and precedent interpreting the School Code and that its holding does not extend to cases brought under the Property Tax Code. To the contrary, the decision in *Bethany* was based on principles of due process that extend to every proceeding, whether under the

School Code or the Property Tax Code. By its own terms, *Bethany* only finds "[a]dditional support" for its decision in the School Code, but it is not based primarily thereon. 255 Ill. App. 3d at 767.

In *Fayhee v. State Board of Elections*, 295 Ill. App. 3d 392, 402 (1998), the court explained its decision in *Bethany* as follows:

> "There are at least two bases for dismissal of an action for failure to join a party. The first is a due-process concern that there is an absent party with a substantial interest in the matter being litigated and[ ] in whose absence[ ] the matter cannot be fully resolved. This is a separate inquiry and is related to, but not dependent upon, application of section 3—107(a) of the Administrative Review Law. It was this concern that informed our decision in [*Bethany*]. ***
>
> The second basis for dismissal is failure to comply with the statutory procedural requirements."

Clearly, the decision in *Bethany* was not based on the School Code or on statutory procedural requirements, but on the fact that the Sullivan school district had a substantial interest in the matter being litigated and the matter could not be fully resolved without the inclusion of that entity.

The petitioners in the case at bar were entitled to and did receive notice of the proceeding before the board of review and thereupon became parties to the proceeding. Because they would be bound by the judgment ultimately entered and their tax revenues necessarily would be affected by the judgment, they must be considered parties of record regardless of whether they participated in the proceedings below. Accordingly, I would have answered the certified question in the affirmative.