No. 3--03--0065

_________________________________________________________________

IN THE 

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2004

 ) 

VILLAGE OF BOLINGBROOK, ) Petition for Review of an 

) Order of the Illinois Labor

Petitioner, ) Relations Board, State Panel.

) 

v. ) No.  S-CA-0l-069

)

BOLINGBROOK FIREFIGHTERS ) 

ASSOCIATION, LOCAL 3005, ) 

FIREFIGHTER JERRY CARLEY, ) 

ILLINOIS LABOR RELATIONS )

BOARD, STATE PANEL, MANNY     )

HOFFMAN, MIKE BRESLAN, and )

THOMAS WALSH, Chairman and ) 

Members, Individually and in )

their official capacities as )

members of the Illinois Labor )

Relations Board, State Panel, )

)

Respondents. )

_________________________________________________________________

JUSTICE McDADE delivered the opinion of the court:  

_________________________________________________________________

This appeal from the Illinois Labor Relations Board involves a dispute between the respondents, the Bolingbrook Firefighter’s Association and various members and officers, and the petitioner the Village of Bolingbrook.  The petitioner argues that it was improper for the Board to deny a variance from the deadline for filing an answer in the matter, that the respondents have failed to allege an unfair labor practice, and that the remedy fashioned by the Board exceeded its authority
.  For the following reasons, we disagree and affirm the Board’s decision in favor of the respondents. 

BACKGROUND

The Firefighters Association filed an unfair labor practice charge against the village with the Illinois State Labor Relations Board (ILRB) claiming that the village engaged in an unfair labor relations practice by taking an adverse employment action against respondent Jerry Carley, a firefighter and union official, in retaliation for certain protected activities.

The complaint alleged that prior to August 15, 2000, Carley had been chosen on various occasions to act as the station commander of his fire station.  Also prior to the 15th of August, Carley, who was the vice-president of the Bolingbrook Chapter of the Firefighter’s Association, was lobbying for the establishment of a "foreign fire insurance board" for the Village of Bolingbrook.  

A foreign fire insurance board is a municipal body, authorized by section 11--10--2 of the Municipal Code (65 ILCS 5/11--10--2 (West 2003)), and permitted to receive revenues from the foreign fire insurance tax for the benefit of the local fire department.  The foreign fire insurance tax, authorized by section 11--10--1 of the Municipal Code, (65 ILCS 5/11--10--2 (West 2003)), is a 2% tax imposed on specific revenues of insurance underwriters not located within the taxing district.  The target revenues are those generated from fire insurance policies written on property within the taxing district.  

At the time of the events relevant to the suit, the Village of Bolingbrook had levied the foreign fire insurance tax, but had not created the tax board.  Therefore, revenues from the tax were placed in the village’s general revenue fund instead of being allocated for the benefit of the fire department. 

Carley began a petition campaign among the firefighters in the village seeking the formation of the board, so that the tax could be used for the exclusive benefit of the fire department.  The petition was to be submitted to the mayor and village board of trustees.

On August 15, 2000, Carley was told that he would no longer be allowed to act as a station commander.  The union alleged in its charge that the action was taken in retaliation for Carley’s role in attempting to have the board established.  As a result of the perceived retaliation, the union filed an unfair labor practice charge against the village on October 12, 2000.  Following a seventeen-month investigation, the ILRB issued a complaint on behalf of the union on March 12, 2002.  The complaint was received by the village on March 14, 2002, and it notified the defendant that, under Board rules, an answer to the complaint had to be filed within 15 days of service or all allegations in the complaint would be deemed admitted.  The answer was due on March 29, 2002, but the village missed the deadline.

The village moved for leave to file an answer 
instanter
 on April 9, 2002.  In the motion, the village sought a variance from the 15 day deadline, alleging that its attorney had been briefly ill and otherwise too busy with other matters to timely file an answer to the complaint.  

On July 19, 2002, the administrative law judge (ALJ) assigned to the case recommended that the request for a variance be denied, since the village had not alleged any exceptional circumstances that would warrant an easing of the rules.  The ALJ also recommended that a default judgment be entered against the village, finding that it had engaged in an unfair labor practice, and that, as a remedy, Carley be reinstated to his position as acting station commander and that he be granted any back pay to which he was entitled.  The Board adopted the ALJ’s recommendations.

The Village of Bolingbrook appeals that decision.

ANALYSIS

On appeal, the petitioner argues (1) that the ILRB erred in not granting a variance from its rules to allow it to file a late answer to the charge, (2) that the firefighters did not establish a 
prima facie 
case of an unfair labor practice, and (3) that the remedy ordered was unwarranted and inappropriate in light of the charged conduct 

I. Denial of Variance 

Initially, the petitioner argues that it was entitled to a variance from the ILRB rule that requires that an answer to a unfair labor practice charge be submitted within 15 days of the receipt of the complaint.  80 Ill.  Admin.  Code §1220.40(b)(3) (2003).  In this case, the complaint was served on the petitioner on March 14, 2002.  Although petitioner’s response was due on March 29, 2002, there was no attempt to file the answer until April 9, 2002. Ordinarily, the failure of a responding party to file a timely answer will be taken as an admission of all the facts alleged in the complaint.  80 Ill. Admin. Code §1220.40(b)(3) (2003); 
Board of Trustees of the University of Illinois v.  Illinois Educational Relations Board
, 274 Ill.  App.  3d 145, 154, 653 N.E.2d 882, 888 (1995). 

The Board, however, has the authority, in its discretion, to waive filing requirements and may excuse the untimely filing of an answer.  80 Ill. Admin Code §1200.160 (2003); 
Cook County
, 292 Ill. App. 3d at 5-6, 684 N.E.2d at 973  (2003)
.  A reviewing court should only interfere with an exercise of an administrative agency’s discretion when it is used in an "arbitrary and capricious manner." 
Cook County State’s Attorney v. Illinois Labor Relations Board
, 292 Ill. App. 3d 1, 6, 684 N.E.2d 970, 973 (2003).  A decision is arbitrary and capricious if it contravenes the intent of the legislature, fails to consider a crucial aspect of the problem, or offers an explanation so implausible that it runs contrary to agency expertise. 
Cook County
, 292 Ill. App. 3d at 6, 684 N.E.2d at 973. 

A requirement of the code may be waived when the Board finds that 1) the provision from which the variance is granted is not statutorily mandated, 2) no party will be injured by the granting of the variance, and 3) the rule from which the variance is granted would, in the particular case, be unreasonable or unnecessarily burdensome.  80 Ill. Admin. Code §1200.160 (2003).

The filing deadline of section 1220.40 is not statutorily mandated.  
Cook County
, 292 Ill.  App. 3d at 7, 684 N.E.2d at 974. It therefore meets the first variance requirement. The village also argues that the granting of a variance would not have prejudiced the respondents, and that the failure to grant a variance was unreasonable and unnecessarily burdensome.

The village asserts with respect to the second element of the test that the respondents would suffer no prejudice from the grant of a variance. The village notes that there was a 17 month delay between the time that charges were filed in this case and the time that the formal complaint was issued. Since the respondents did not, during the 17 month interregnum, seek to expedite or accelerate the investigation of the case, the petitioner argues that time is not of prime importance in the case. Another eleven day delay in the filing of the answer would not lead to any additional prejudice.  The respondents argue that the 17 month delay is the very reason that prejudice exists; they should not be forced to wait even longer to have the case resolved because of the failure of the petitioner to file a timely answer. 

The case of 
Cook County State’s Attorney v. Illinois Labor Relations Board 
seems to
 
support the petitioner’s position. In that case, the court refused, in the absence of harm beyond minor delay, to find that the plaintiff was prejudiced by the defendant’s failure to file a timely answer. The court noted that, in a case that had been investigated for 5 months, an additional delay of less than a day was not likely to prejudice the plaintiff in any way. 
Cook County
, 292 Ill. App.  3d at 8, 684 N.E.2d at 975. 

The case here is distinguishable on the basis of the length of the delay in filing the answer. In 
Cook County
, the defendant filed the answer three hours after the deadline.  In light of the minimal delay, it is highly unlikely that the plaintiff was harmed by the late filing.  Here, however, the petitioner filed the answer eleven days late. While it could be argued that an answer filed late by three hours does not harm the respondents’ interests, the same cannot be said of an answer filed late by eleven days. The respondents had an interest in seeing its case speedily litigated to its conclusion.  The petitioner’s significant delay prejudiced that interest to some degree.  This factor weighs, albeit not heavily, in favor of denying the variance.

Finally, the petitioner argues that the denial of the variance is unreasonable and unnecessarily burdensome because it would prevent it from defending against the charge.  With respect to this element, the petitioner again relies on 
Cook County
, in which the court found that the denial of a variance would be unreasonable and unnecessarily burdensome if the
 
defendant could show (1) the existence of a meritorious defense or claim; (2) due diligence in presenting this defense or claim in the original action; 
and
 (3) due diligence in filing the petition for relief.
 
Cook County
, 292 Ill. App. 3d at 11, 684 N.E.2d at 977
. 

The petitioner has not shown that it exercised due diligence in filing for relief.  The village did not ask for an extension prior to the passing of the deadline.  After its expiration, it did not seek leave for a late filing until the motion to file 
instanter
 was submitted eleven days after the deadline.  The petitioner has alleged no compelling reason for the delay -- only the negligence of its attorney.  We cannot say that, in light of the failure to exercise due diligence, the Board abused its discretion in denying the variance. 

II. Prima Facie Allegation of Unfair Labor Practice

We next consider whether the allegations of the complaint, deemed admitted, support the decision of the Board. The petitioner argues that the respondents were unable to properly allege an unfair labor practice in the complaint.  Preliminarily, the petitioner alleges that the Board did not have subject matter jurisdiction over the case.  The argument is unfounded, since the ILRB has the power to decide cases involving disputes between public employers, employees and Unions.  Illinois Public Labor Relations Act, (5 ILCS 315/2 (West 2003)).  This is clearly such a dispute.

The Board’s decision on the merits of an unfair labor practice charge is reviewed for clear error, and we will determine whether the factual findings and decisions of the Board are against the manifest weight of the evidence.  
Abrahamson v.  Illinois Department of Professional Regulation
, 153 Ill. 2d 76, 88 606 N.E.2d 1111, 1117 (1992).  An agency’s determination of questions of law are subject to 
de novo 
review.  
Hwang v.  Illinois Department of Public Aid
, 333 Ill. App. 3d 698, 703, 193 N.E.2d 801, 806 (2002).  In this case, the facts have been established and the law is not in dispute.  Therefore clear error review is appropriate.  The Board’s decision is clearly erroneous if "after reviewing the entire record, [we are] left with the definite and firm conviction that a mistake has been committed." 
AFM Messenger Service, Inc. v. Illinois Department of Employment Security
, 198 Ill. 2d 280, 395, 763 N.E.2d 272, 282 (2002). 

To state a case for an unfair labor practice, the complaining party must show by a preponderance of the evidence that: 1) an employee was engaged in a union or other protected activity, 2) the employer was aware of the activity, and 3) the employer took an adverse action against the employee on the basis of the employee’s participation in the protected activity.  
City of Burbank v. Illinois State Labor Relations Board
, 128 Ill. 2d 335, 345-47, 538 N.E.2d 1146, 1149-50 (1989).

Because the petitioner failed to file a timely answer to the complaint, the ALJ took all the allegations in the complaint as true.  80 Admin. Code 1220.40(b)(3)(2003); 
Board of Trustees
, 274 Ill. App. 3d at 152, 653 N.E.2d at 888 
(1995).  In this case, the complaint alleged that firefighter Carley was a public employee and member of a union; that Carley was engaged in protected activity in seeking to have a foreign fire insurance board established; that the village was aware of Carley’s protected activity through the chief of firefighters; and that the village refused to allow Carley to act as station commander as a result of his protected activities.  These allegations meet the requirements for a case of unfair labor practice, therefore the default in favor of the respondent was appropriate.

III. Propriety of Remedy

Finally, the petitioner argues that the remedy ordered by the Board exceeds that which was sought by the complaint.  The Board ordered that Carley be allowed to act as station commander in the same way that he was allowed to do so before the village’s violation, and that Carley be given back pay, if any, for the time that he missed as a result of the violation. 

The complaint itself requested that the Board "[o]rder the Employer to cease and desist from violating the Act, and make the employees [sic] whole for all losses, post the appropriate notices and grant such other relief as the Board deems just and necessary." Furthermore, the Board is authorized by statute to "take such affirmative action, including reinstatement of public employees with or without back pay, as will effectuate the policies of [the] Act."  Illinois Public Labor Relations Act
 (5 ILCS 315/11(c)(West 2003).

The ordered remedies were clearly appropriate, given the requests of the complaint and the general powers of the Board.  The main thrust of the petitioner’s argument is that, since "acting station commander" is not an official post, the Board could not order Carley reinstated to it.  The petitioner cites no law to show that the Board does not have the power to return Carley to the conditions of his employment that prevailed prior to the violation.  Despite the petitioner’s assertion to the contrary, the remedy does not "require the village to create a position where there was none before" but instead only requires that Carley be employed on the same basis as he was prior to the violation by the village.  The remedy simply did not exceed the Board’s authority. 

CONCLUSION

The petitioner, Village of Bolingbrook, has failed to show that it was an abuse of discretion for the Board to deny it a variance from the administrative requirement that an answer to a labor complaint be filed within 15 days of the service of the complaint.  The village has not alleged any facts that would (or should) excuse the lateness of its answer.  The Board’s decision to deny the variance was not an abuse of discretion.

The Board’s finding that an unfair labor practice occurred and its order remedying the violation were not clearly erroneous.  The village admitted the allegations that adverse employment actions were taken against Carley because of his involvement in protected union activity.  The Board ordered the firefighter to be returned to his pre-violation position, and that he be given any existing back pay.  The decision was supported by the evidence and was not clearly erroneous.  The decision of the Illinois Labor Relations Board should be affirmed. 

Affirmed. 

LYTTON and BARRY, JJ., concur.