WOOD DALE FIRE PROTECTION DISTRICT, Petitioner, v. ILLINOIS LABOR RELATIONS BOARD, STATE PANEL, *et al.*, Respondents.

Second District    No. 2—08—0784

Opinion filed October 2, 2009.

Patrick K. Bond and Sean P. Conway, both of Bond, Dickson & Associates, P.C., of Wheaton, for petitioner.

Lisa Madigan, Attorney General, of Chicago (Michael A. Scodro, Solicitor General, and Sunil Bhave, Assistant Attorney General, of counsel), for respondent Illinois Labor Relations Board, State Panel.

Lisa B. Moss and Martin P. Barr, both of Carmell, Charone, Widmer, Moss & Barr, of Chicago, for respondents International Association of Firefighters and Wood Dale Professional Firefighters Association, Local 3594.

JUSTICE O'MALLEY delivered the opinion of the court:

Petitioner, Wood Dale Fire Protection District, seeks administrative review of the order of respondent Illinois Labor Relations Board, State Panel (Board), awarding a default judgment against petitioner and in favor of respondent Wood Dale Professional Firefighters Association, Local 3594, International Association of Firefighters (Union). Petitioner argues that the Board's decision should be reversed because (1) the Board rule that precipitated petitioner's default is invalid, and (2) even if the rule is valid, the Board should have waived it in this case. Petitioner also argues that the Board's award of sanctions against petitioner was unwarranted. For the reasons that follow, we affirm the Board's decision in part and vacate in part.

In August 2007, the Union filed with the Board an unfair labor practice charge against petitioner; in a position statement it submitted to the Board approximately one month later, petitioner claimed that

its actions were warranted. On February 13, 2008, the Board issued a complaint against petitioner. The complaint indicated that, pursuant to the Board's rules, if petitioner did not file an answer within 15 days, petitioner would be deemed to have admitted all of the complaint's factual and legal allegations and waived any further hearing. Petitioner did not file an answer within 15 days, and on March 19, the Union filed a motion asking the Board to issue an order stating that petitioner had defaulted its opposition to the Board's complaint. Nine days later, on March 28, petitioner filed an answer to the complaint; this answer was not accompanied by any request that the Board grant petitioner a variance from its rule requiring an answer to be filed within 15 days of a Board complaint. On April 4, the Board's administrative law judge (ALJ) issued to petitioner an order to show cause "as to why [petitioner] should not be found to have waived a hearing *** and deemed to have admitted all material facts or legal conclusions alleged in the Complaint." On April 21, along with its response to the order to show cause, petitioner filed a motion for leave to file its late answer to the Board complaint.

Petitioner explained in its response that its counsel had misfiled the Board's complaint and thus inadvertently failed to answer it. The response also noted that petitioner's counsel had been responding simultaneously to several other matters, and it stated that the failure to answer the Board complaint was "predicated upon *** confusion as to the number of matters pending." Petitioner's motion for leave to file its answer echoed the assertions made in petitioner's response.

The ALJ's recommended decision and order noted the untimeliness of petitioner's answer to the Board's complaint, and it rejected petitioner's arguments as to why petitioner was entitled to a variance from the Board's 15-day default rule. Petitioner thereafter filed a bill of exceptions arguing that the Board should reject the ALJ's proposed order. In that bill of exceptions, petitioner argued that the proposed order was improper for several reasons. First, petitioner argued that the proposed order improperly assumed that petitioner's failure to answer the Board complaint constituted an admission of not only the factual matters alleged therein, but also the legal conclusions drawn therefrom; petitioner cited *Mattoon Community Unit School District No. 2 v. Illinois Educational Labor Relations Board*, 193 Ill. App. 3d 875 (1990), for the proposition that the failure to file an answer does not constitute an admission of legal conclusions. Second, petitioner argued that the matter that precipitated the Board complaint— petitioner's demoting a union member after the union member spoke to the press about a personnel matter—was not protected speech under the Illinois Public Labor Relations Act (Act) (5 ILCS 315/1 *et seq.*

(West 2008)) or the first amendment. Third, petitioner argued that the ALJ erred in recommending that petitioner not be granted a variance from the default rule. Fourth, petitioner argued that part of the recommended relief—reinstating the union member to his previous position—was impossible because the union member had since been terminated. The Union then filed a motion for sanctions against petitioner, on the basis that petitioner had taken "a frivolous position with respect to its failure to timely file its Answer."

In its order, the Board observed that petitioner "raised several exceptions to the ALJ's determination, two of which [the Board would address in its written order], none of which [had] merit." The Board then went on to discuss, and reject, two of petitioner's arguments opposing the ALJ's recommended order. (Petitioner reprises neither argument before this court.) On the Union's request for sanctions, the Board reasoned that petitioner's exceptions were "singularly without merit." The Board called it "most troubling" that petitioner had argued against the "express language" of the Board's default rule and instead relied on *Mattoon*, "omitting the extent of the court's ruling and failing to note the differences between the text of the Board's rules" and those applied in *Mattoon*. The Board thus concluded as follows:

> "We think it sufficiently plain that [petitioner] did not know, and chose not to research, the Board's case law on default, or it deliberately ignored those rulings. Either way, [petitioner's] conduct in that regard indicates that its defenses herein were not made in good faith. Likewise, the fact that its exceptions were stunningly devoid of merit highlights that they did not represent a debatable position. Accordingly, sanctions are appropriate."

Petitioner now petitions to this court for administrative review. See 5 ILCS 315/11(e) (West 2008); 735 ILCS 5/3—113 (West 2008); 155 Ill. 2d R. 335.

■ Petitioner's first argument is that the Board's order must be reversed because the Board rule underlying it is invalid due to its conflict with the Act, the statute from which the Board derives its authority. "An administrative agency possesses no inherent or common law powers, and any authority that the agency claims must find its source within the provisions of the statute by which the agency was created." *Department of Revenue v. Civil Service Comm'n*, 357 Ill. App. 3d 352, 363 (2005). "Accordingly, the authority of an administrative agency to adopt rules and regulations is defined by the statute creating that authority, and such rules and regulations must be in accord with the standards and policies set forth in the statute." *Department of Revenue*, 357 Ill. App. 3d at 363. "If an agency promulgates

rules that are beyond the scope of the legislative grant of authority or that conflict with the statute, the rules are invalid." *Department of Revenue*, 357 Ill. App. 3d at 364. The issue of whether an agency rule conflicts with the agency's enabling statute presents a question of law, to be reviewed *de novo*. See *Strategic Energy, LLC v. Illinois Commerce Comm'n*, 369 Ill. App. 3d 238, 251 (2006) (questions of statutory interpretation to be reviewed *de novo*).[1]

The Act directs the Board to adopt "procedural rules and regulations which shall govern all Board proceedings" (5 ILCS 315/5(i) (West 2008)). Pursuant to that authority, the Board adopted the rule that, whenever a Board complaint is issued, "the respondent shall file an answer within 15 days after service of the complaint." 80 Ill. Adm. Code §1220.40(b), amended at 27 Ill. Reg. 7442, eff. May 1, 2003. Under the rule, "[p]arties who fail to file timely answers shall be deemed to have admitted the material facts and legal conclusions alleged in the complaint," and "[f]ailure to file an answer shall be cause for the termination of the proceeding and the entry of an order of default." 80 Ill. Adm. Code §1220.40(b)(3), amended at 27 Ill. Reg. 7442, eff. May 1, 2003. Petitioner argues that this rule conflicts with section 11(a) of the Act, which provides, among other things, that "[t]he person who is the subject of [a Board complaint] has the right to file an answer *** and to appear in person or by a representative and give testimony at the place and time fixed in the complaint." 5 ILCS 315/11(a) (West 2008).

Petitioner acknowledges that the Fifth District has held that the Board's default rule does not impinge a party's right to due process where the Board's insistence on strict compliance with the rule is reasonable, because the rule is triggered by a party's own inaction. See *Metz v. Illinois State Labor Relations Board*, 231 Ill. App. 3d 1079 (1992). Instead of challenging the Board's rule on that basis, petitioner argues that the rule conflicts with the Act because the rule "translates a legal *right*," namely, the right to file an answer and present testimony, "into a legal *obligation*, with significant penalty," namely, the denial of the party's right to file an answer and present testimony. (Emphases in original.) We agree with petitioner that, for all practical purposes, the rule at issue obligates a party to exercise its right to file an answer to a Board complaint. However, we see no conflict between the rule and the Act. The Act provides a party the right to answer a Board complaint, and aside from setting a time limit for filing, the

---

[1]Although both the Union and the Board urge that petitioner has forfeited his first argument for failing to raise it before the Board, we decline to deem the argument forfeited.

rule does nothing to infringe on that right. As the Board says in its brief, the fact that a party has the right to do something does not mean that it has the right not to do the same thing.

At oral argument, petitioner emphasized that the Board's rule also has the effect of curtailing a party's right to present testimony at a hearing on the merits. While petitioner acknowledged that, at some point, a party could be deemed to have forgone its right to present testimony, petitioner argued that a party's failure to file a timely answer should not settle the issue. Petitioner proposed that the Board follow a procedure in which, after a party fails to file an answer, the Board sets the matter for a hearing, at which time either party can present testimony (even if the party had not filed an answer) or forgo that right. Petitioner argues that, under this proposed procedure, the party that failed to answer would at least have an opportunity to present testimony, a chance the party does not enjoy under the Board's rule. We disagree.

Under either rule, the Board maintains the power to curtail a party's chance to present testimony if the party does not exercise proper diligence in litigating the case. The only difference between petitioner's proposed rule and the Board's rule is the point at which a nonresponsive party will be deemed to have forgone the right to present testimony: petitioner would delay the date for default. Petitioner is wrong when it argues that the current rule, unlike its proposed rule, denies a party the opportunity to choose whether to forgo its right to present testimony; under the Board's rule, the party has that chance at the time the answer is to be filed. Here, whether due to oversight or choice, petitioner forwent its chance to present testimony when it failed to file an answer.

The Board offers a convincing analogy to Illinois's rules of civil procedure. Although a defendant unquestionably has a right to answer a civil complaint against him, Illinois by statute requires a defendant to exercise that right in a timely fashion to avoid entry of a default judgment against him. See 735 ILCS 5/2—1301(d) (West 2008). As the Board argues, its rule here was "promulgated in the same vein." We agree with the Board, and we reject petitioner's argument that the default rule is invalid.

■ Petitioner's second argument is that, even if the default rule is valid, the Board erred in declining to grant petitioner a variance under the circumstances of this case. Petitioner directs us to the Board's standards for granting such variances:

> "[The default rule, among other things,] may be waived by the Board when it finds that:
>> a) The provision from which the variance is granted is not statutorily mandated;

b) No party will be injured by the granting of the variance; and

c) The rule from which the variance is granted would, in the particular case, be unreasonable or unnecessarily burdensome." 80 Ill. Adm. Code §1200.160, amended at 27 Ill. Reg. 7392, eff. May 1, 2003.[2]

Whether to grant a variance pursuant to the above-quoted test is a matter left to the Board's discretion, and we will not disturb the Board's application of that discretion unless the Board abused it by applying it in an arbitrary or capricious manner. *Cook County State's Attorney v. Illinois State Labor Relations Board*, 292 Ill. App. 3d 1, 6 (1997). Petitioner argues that the Board abused its discretion in two ways. First, petitioner argues that the Board failed to consider its request for a variance on the merits. Second, petitioner argues that all three prongs of the above test were met here. We disagree with both contentions.

■ On the first contention, petitioner notes that the Board's order does not discuss petitioner's request for a variance; petitioner thus concludes that the Board failed to consider its request in the first place. However, as the Union and the Board observe on appeal, the ALJ addressed petitioner's request for a variance on the merits, and in reviewing the ALJ's entire proposed disposition, the Board said that petitioner "raised several exceptions to the ALJ's determination, two of which [the Board] address[ed], none of which [had] merit." Petitioner points to no authority that would require the Board to discuss each of petitioner's arguments specifically, and we think this summary adoption of the ALJ's proposed disposition amply demonstrates the Board's consideration of petitioner's request for a variance.

On petitioner's second contention, we disagree that all three prongs of the waiver test were met here. The case law in this area is relatively limited—indeed, the parties cite only one precedential case applying the waiver test.

---

[2]The parties agree that the above-quoted waiver test should determine whether petitioner was allowed to avoid the default rule and file its late answer, and we therefore apply that test. However, we note that in the Board rules, immediately following the default rule is a provision stating that "[l]eave to file a late answer shall" be granted only if "the late filing is due to extraordinary circumstances" such as "fraud, act or concealment of the opposing party, or other grounds traditionally relied upon for equitable relief from judgments." 80 Ill. Adm. Code §1220.40(b)(4), amended at 27 Ill. Reg. 7443, eff. May 1, 2003. As we explain below, we uphold the Board's decision based on the waiver test upon which the parties rely. Because the "extraordinary circumstances" test is even more onerous for petitioner, we would also uphold the Board's decision under that test.

In that case, *Cook County State's Attorney*, the petitioner filed its answer with the Board on the sixteenth day after the Board served its complaint. *Cook County State's Attorney*, 292 Ill. App. 3d at 4. On the seventeenth day, the ALJ issued an order to show cause why the petitioner should not be found in default, and that same day, counsel for the petitioner sent the ALJ a letter explaining the petitioner's reasons for filing a late answer. *Cook County State's Attorney*, 292 Ill. App. 3d at 4. Counsel explained that the attorney who had originally worked on the case had left the petitioner's employ and that the new attorney "telephoned [the ALJ] upon being assigned the case and assert[ed] that it was the [petitioner's] expectation that it would have 15 days from the telephone call to file the answer." *Cook County State's Attorney*, 292 Ill. App. 3d at 4. The letter also asserted that "the charging party was not prejudiced because the answer was filed less than three hours late" and that the petitioner believed it had a meritorious defense based on a previously filed position statement. *Cook County State's Attorney*, 292 Ill. App. 3d at 4. The Board denied the petitioner's request for a variance from the default rule, but the First District, based on its own application of the three criteria of the waiver test, reversed that decision and ordered that the variance be granted. *Cook County State's Attorney*, 292 Ill. App. 3d at 13.

On the first criterion, the court noted that the parties agreed that the default rule was not statutorily mandated. *Cook County State's Attorney*, 292 Ill. App. 3d at 7. On the second criterion, the court rejected the Board's argument that the variance would have prejudiced a party by frustrating a public policy favoring expeditious resolution of labor disputes. The court reasoned that the sense of urgency that attached to educational labor disputes did not translate to the noneducational dispute at issue, and it further observed that the Board filed its complaint five months after the initial charge was filed. *Cook County State's Attorney*, 292 Ill. App. 3d at 7-8. On the third criterion, the court concluded that adherence to the default rule would be unreasonable or unnecessarily burdensome in light of mitigating factors, primarily the fact that the petitioner had laid out its defense in a position statement and the fact that the answer was filed only three hours late. *Cook County State's Attorney*, 292 Ill. App. 3d at 12-13.

The parties also cite *Village of Bolingbrook v. Bolingbrook Firefighters Ass'n*, 347 Ill. App. 3d 434 (2001), another appellate court decision that applied the waiver test. However, that decision was vacated by a supervisory order issued by our supreme court. *Village of Bolingbrook v. Bolingbrook Firefighters Ass'n*, 209 Ill. 2d 575 (2004). It therefore carries no precedential weight. In any event, because the parties discuss the decision, we summarize it as well, with the caveat

that we place no reliance on it. In *Bolingbrook*, the petitioner missed the 15-day deadline but moved to file an answer to the Board's complaint 11 days after the expiration of the deadline. *Bolingbrook*, 347 Ill. App. 3d at 436-37. In its motion, the petitioner requested a variance on the basis that "its attorney had been briefly ill and otherwise too busy with other matters to timely file an answer to the complaint." *Bolingbrook*, 347 Ill. App. 3d at 437. The Third District upheld the Board's decision to deny the petitioner a variance. Again, on the first criterion, the parties agreed that the default rule was not statutorily mandated. *Bolingbrook*, 347 Ill. App. 3d at 438. On the second criterion, even though the Board had taken 17 months to file its complaint, the court relied on the 11-day delay (which it distinguished from the 3-hour delay in *Cook County State's Attorney*) to conclude that granting the variance would have prejudiced a party. *Bolingbrook*, 347 Ill. App. 3d at 438-39. According to the court, "[t]he respondents had an interest in seeing their case speedily litigated to its conclusion," and the "petitioner's significant delay prejudiced that interest to some degree." *Bolingbrook*, 347 Ill. App. 3d at 439. On the third criterion, the court concluded that application of the default rule would not be unreasonable or unnecessarily burdensome, because the petitioner had not exercised due diligence in seeking to avoid default. Indeed, the court held, "[t]he petitioner *** alleged no compelling reason for the delay—only the negligence of its attorney." *Bolingbrook*, 347 Ill. App. 3d at 439.

Here, as in *Cook County State's Attorney*, the parties agree that the default rule is not statutorily mandated and thus that petitioner satisfies the first criterion of the waiver test. However, whatever the impact of the second criterion, petitioner cannot demonstrate under the third criterion that application of the default rule would be unreasonable or unnecessarily burdensome under the facts of this case. As the Union and the Board observe, petitioner waited 28 days after the deadline to file an answer, and, even then, after it had been alerted to its mistake, petitioner did not request a variance for another 24 days. The only explanation petitioner offered for the initial delay in filing its answer was its counsel's inadvertence, and petitioner offers no explanation for the further delay in its request for a variance.[3]

---

[3]At oral argument, petitioner argued that it did not request a variance because the Board rules contain no "procedural mechanism" by which a party should seek leave to file a late answer. That may be true, but the Board rules do set out the requirements for a party seeking a variance from Board rules, and for 24 days after it knew it needed one, petitioner did nothing to argue that it should receive a variance.

Thus, the mitigating circumstances presented here are far less compelling than those presented in *Cook County State's Attorney*, and the extent of petitioner's delay was far more than the three hours presented in *Cook County State's Attorney*. Petitioner argues that its having filed a position statement should be considered a mitigating circumstance, as it was for the petitioner in *Cook County State's Attorney*, a point that the Board disputes by challenging the wisdom of *Cook County State's Attorney*, which, according to the Board, overlooked the notion that a position statement is not submitted to the Board during the adjudicatory phase of proceedings, but is instead submitted during the preliminary investigatory phase. However, even if we consider the filing of a position statement to be a mitigating circumstance, we conclude that petitioner's delays, including its unexplained delay in requesting a variance after it was apprised of its failure to file an answer, provide ample support for the Board's determination that a variance was not appropriate.

Petitioner proposes a different standard for judging the third prong of the waiver test. It quotes a standard laid out in *Cook County State's Attorney*: "to be entitled to relief, the defaulted party must set forth specific factual allegations establishing: (1) the existence of a meritorious defense or claim; (2) due diligence in presenting this defense or claim in the original action; and (3) due diligence in filing the petition for relief." *Cook County State's Attorney*, 292 Ill. App. 3d at 11.[4] However, even under this standard, petitioner's argument fails because, as we note above, petitioner's request for a variance, far after it had missed the deadline for filing an answer, did not demonstrate due diligence.

Petitioner also contends that we must reverse the Board's denial of a variance because the supreme court's issuance of a supervisory order in *Bolingbrook* makes it "reasonable to conclude *** that [the supreme court] deemed the circumstances presented in *Bolingbrook*

---

[4]The court in *Cook County State's Attorney* did not actually adopt this standard. The petitioner argued that the prong should be judged by the same standards normally applied to a motion to vacate a judgment under section 2—1301 of the Code of Civil Procedure, while the respondents argued that the more stringent standards of section 2—1401 should apply. *Cook County State's Attorney*, 292 Ill. App. 3d at 9-10, citing 735 ILCS 5/2—1301(e), 2—1401 (West 1996). The court ultimately declined to decide the issue, because it determined that the petitioner met even the higher standard the respondents suggested, a point the court demonstrated by laying out and applying the higher standard. *Cook County State's Attorney*, 292 Ill. App. 3d at 11. Petitioner here quotes from the portion of *Cook County State's Attorney* laying out the higher standard, but it omits the surrounding discussion.

warranted a variance." Although the supervisory order does not expound on the supreme court's reasoning for vacating the appellate court order (it says only that the appellate court is directed to allow the petitioner to file an answer and consider the matter on the merits), petitioner argues that the "absence of a detailed analysis of its basis for the remand by the Supreme Court does not discount the impact of the order in *Bolingbrook*." Quite to the contrary, as both the Union and the Board observe in their briefs, it is well settled that a supreme court supervisory order is not precedential. *E.g., Cinkus v. Village of Stickney Municipal Officers Electoral Board*, 228 Ill. 2d 200, 221 (2008). Accordingly, aside from our relying on the supervisory order in *Bolingbrook* to conclude that the appellate court order it vacated was no longer extant, we assign it no significance.

In short, we agree with the Board that petitioner failed to satisfy the third criterion of the waiver test, and we therefore find no abuse of discretion in the Board's decision to deny petitioner a variance from the default rule.

■ Petitioner's third argument is that we should vacate the Board's order imposing sanctions against it for arguments raised in its exceptions to the ALJ's proposed order. Board sanctions are governed by section 11(c) of the Act, which provides as follows, in relevant part:

> "The Board's order may in its discretion also include an appropriate sanction, based on the Board's rules and regulations, and the sanction may include an order to pay the other party or parties' reasonable expenses including costs and reasonable attorney's fee, if the other party has made allegations or denials without reasonable cause and found to be untrue or has engaged in frivolous litigation for the purpose of delay or needless increase in the cost of litigation \*\*\*." 5 ILCS 315/11(c) (West 2008).

■ At oral argument, petitioner acknowledged the highly deferential abuse of discretion standard that governs our review of the Board's decision to impose sanctions. Nonetheless, petitioner contests the Board's finding that petitioner's exceptions were without reasonable cause, untrue, or made in bad faith, so as to warrant sanctions. The Board's sanctions order, which we quote above, indicates that the driving force behind the decision to sanction petitioner was the Board's assessment of petitioner's argument, based on *Mattoon*, that its failure to file a timely answer did not constitute an admission of the legal conclusions drawn in the Board complaint.

We agree with the Board that that particular argument was not well founded, or even debatable. The plain language of the Board's regulations very clearly indicates that "[p]arties who fail to file timely answers shall be deemed to have admitted the material facts and legal

conclusions alleged in the complaint." 80 Ill. Adm. Code §1220.40(b)(3), amended at 27 Ill. Reg. 7443, eff. May 1, 2003. The case law interpreting this provision has uniformly assumed that it should be applied according to its plain meaning (absent some reason for a variance). See *Cook County State's Attorney*, 292 Ill. App. 3d 1; *Metz*, 231 Ill. App. 3d 1079. Further, *Mattoon*, the case upon which petitioner relied (via a simple citation without further explanation) for the proposition that the failure to answer does not constitute an admission of legal conclusions, applied a wholly different section of the Administrative Code than is at issue here. See *Mattoon*, 193 Ill. App. 3d at 878-79, quoting 80 Ill. Adm. Code §1120.30(d), at 9699 (1985) (providing that failure to answer constitutes admission of factual matters, but containing no provision regarding legal admissions); *cf.* 80 Ill. Adm. Code §1220.40(b)(3), amended at 27 Ill. Reg. 7443, eff. May 1, 2003 (providing that failure to answer constitutes admission of factual and legal matters).

However, although we agree with the Board that petitioner's citation to *Mattoon* was ill-conceived, we conclude that that citation does not provide sufficient basis for entry of sanctions against petitioner, and we conclude that the remainder of petitioner's submission to the Board, even if ultimately unsuccessful, was not frivolous. Aside from the citation to *Mattoon*, which constituted a very limited portion of petitioner's submission, the remainder, and the bulk, of petitioner's submission was directed to the arguments that it had a meritorious case and that a waiver of the default rule was appropriate. Both of those points were supported by extensive citation to authority, including, at least for the default rule argument, case law that had reversed a Board decision to enforce the rule. See *Cook County State's Attorney*, 292 Ill. App. 3d 1. These contentions might not have been persuasive to the Board, but we agree with petitioner that they were at least debatable and that petitioner and its counsel had every reason to present them to try to avoid the resolution of the case before petitioner could present its position on the merits. Accordingly, we agree with petitioner that the Board abused its discretion when it ruled that petitioner's conduct warranted sanctions, and we vacate the portion of the Board's order imposing those sanctions.

As a final matter, the Union has filed a motion asking that we invoke Supreme Court Rule 375 (155 Ill. 2d R. 375) to impose sanctions against petitioner for pursuing an appeal that the Union argues is not "reasonably well grounded in fact and is not warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law," and we have allowed petitioner to respond. We decline to impose sanctions for petitioner's pursuit of this appeal.

We have agreed with one of petitioner's three arguments, and although we disagree with petitioner's remaining two arguments, we do not view the decision to present them as unreasonable or as evidence of bad faith.

For the foregoing reasons, we vacate the sanctions imposed against petitioner, but we otherwise affirm the decision of the Board.

Affirmed in part and vacated in part.

ZENOFF, P.J., and BOWMAN, J., concur.